**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No.:

DUSK BENNETT,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Dusk Bennett, files his Complaint against Defendant, Hartford Life and Accident Insurance Company, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Dusk Bennett ("Mr. Bennett"), is a citizen of the United States and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Hartford Life and Accident Insurance Company ("Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Mr. Bennett was employed with Loyola Marymount University, as a Production Sound Engineer. By virtue of his employment, Mr. Bennett was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Mr. Bennett a monthly benefit in the event that he became disabled.

7. The long-term disability policy defined Total Disability, in pertinent part, as follows:

> *Total Disability or Totally Disabled means during the Elimination Period and for the next 24 months, as a result of injury or sickness, You are unable to perform with reasonable continuity the Essential Duties necessary to pursue Your Occupation in the usual or customary way.*
>
> *After that, as a result of injury or sickness You are unable to engage with reasonable continuity in Any Occupation.*

8. Mr. Bennett has suffered, and continues to suffer, from a number of significant cardiovascular conditions. Confirmed diagnoses include catecholaminergic polymorphic ventricular tachycardia ("CPVT"), left ventricular non-compaction ("LVNC"), and a complete heart block.

9. Mr. Bennett has been unable to engage with reasonable continuity in any occupation. Mr. Bennett is totally disabled under the terms of the long-term disability policy.

10. Mr. Bennett was forced to discontinue working on or around December 14, 2018, due to his disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Mr. Bennett notified Defendant that he was disabled.

12. By letter dated July 8, 2019, Defendant denied Mr. Bennett's claim for long-term disability benefits.

13. By letter dated November 13, 2019, Mr. Bennett timely submitted an appeal of Defendant's decision to deny long-term disability benefits.

14. By letter dated January 30, 2020, Defendant approved Mr. Bennett's appeal for long-term disability benefits and awarded benefits effective as of March 15, 2020.

15. By letter dated February 24, 2021, Defendant terminated Mr. Bennett's long-term disability benefits.

16. By letter dated April 26, 2022, Mr. Bennett timely appealed Defendant's termination of long-term disability benefits.

17. By letter dated July 21, 2022, Defendant awarded Mr. Bennett two additional months of benefits, but denied benefits beyond March 14, 2021.

18. Mr. Bennett exhausted his appeals under ERISA.

19. In terminating Mr. Bennett's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

20. The termination of Mr. Bennett's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

21. Defendant's termination of Mr. Bennett's disability benefits breached the fiduciary duties owed to Mr. Bennet under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Bennett as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

23. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

24. Defendant has refused to pay the benefits sought by Mr. Bennett, ignoring the medical records and clear opinions of her physicians.

### V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 24 as if fully stated herein and says further that:

25. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

26. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

27. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dusk Bennett, prays for a judgment against Defendant, Hartford Life and Accident Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 23rd day of September, 2022*

/s/ *Geannina A. Burgos*
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Dusk Bennett*